FRENCH v. WRAY.  (No. 29–18.)

(Supreme Court, Appellate Division, Third Department.  March 3, 1915.)

1. EJECTMENT (§ 9*)—TITLE TO SUPPORT ACTION—NECESSITY.
    Where the plaintiff fails to establish title in an action of ejectment, judgment must be for the defendant.
    [Ed. Note.—For other cases, see Ejectment, Cent. Dig. §§ 16–29;  Dec. Dig. § 9.*]

2. ADVERSE POSSESSION (§ 114*)—TITLE—SUFFICIENCY OF EVIDENCE.
    Evidence *held* sufficient to support a finding that defendant had title to premises by adverse possession.
    [Ed. Note.—For other cases, see Adverse Possession, Cent. Dig. §§ 682, 683, 685, 686;  Dec. Dig. § 114.*]

3. LIMITATION OF ACTIONS (§ 87*)—INTERRUPTION THROUGH NONRESIDENCE—STATUTE—"ACTUAL POSSESSION."
    Where an action of ejectment might have been brought at any time against defendant's tenants or servants in possession, under Code Civ. Proc. § 1502, providing that, in an action for the immediate possession of real property actually occupied, the occupant thereof must be made defendant, the operation of the statute of limitations was not suspended, so as to preclude title by adverse possession, by defendant's absence from the state through nonresidence, since such absence did not suspend plaintiff's opportunity to sue; "actual possession" meaning occupation against the plaintiff.
    [Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 456–462;  Dec. Dig. § 87.*
    For other definitions, see Words and Phrases, First and Second Series, Actual Possession.]

Appeal from Trial Term, Warren County.

Action by Harma D. French, committee, etc., against Emma Mann Wray.  From a judgment for defendant, and an order denying her motion for new trial, plaintiff appeals.  Judgment and order affirmed.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

Jenkins & Barker, of Glens Falls (Lyman Jenkins, of Glens Falls, of counsel), for appellant.

Charles R. Patterson, of Glens Falls (Erskine C. Rogers, of Hudson Falls, of counsel), for respondent.

WOODWARD, J.  This case, upon substantially the same evidence, was under review in this court in French v. Wray, 154 App. Div. 343, 139 N. Y. Supp. 339, and a judgment in favor of the plaintiff was reversed, upon the ground that it was against the weight of evidence. Subsequently this court amended the decision (155 App. Div. 884, 139 N. Y. Supp. 1123) by providing:

"The specific findings of fact of, which this court disapproves as against the weight of evidence are the findings that the defendant's land was included in the descriptions of the deeds under which the plaintiff claims title, that the boundary line between the plaintiff's property and the defendant's was not practically located north of the lands in question, and that the defendant had not acquired title to said lands by adverse possession."

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

[1-3] Upon the new trial it is not claimed that there was any substantial change in the evidence, and the jury reported to the court:

"We find in favor of the plaintiff, agreeing on the line run by the plaintiff, but give a verdict for the defendant by adverse possession."

The court said:

"The first part of the verdict will have to be disregarded. You say you find a verdict for the defendant; that is, that the defendant held possession of the premises adversely for over 20 years?"

The foreman answered in the affirmative, and the court, after further assurances of no mistake in the intent, directed the verdict entered in accord with this view.

The action is in ejectment, and the plaintiff has failed to establish title to the property. We see no escape from the conclusion, not only that the verdict is right, but that it would have been against the clear weight of evidence if the jury had found otherwise. As pointed out upon the former appeal, the lines run by the defendant have the decided advantage of being in harmony with the aged trees marked with survey marks, and which were shown to be old enough to reach back to the days of the original patents, and it should require very clear and convincing evidence to overcome this kind of evidence. However, that question is not material now, as the jury has found that the plaintiff was not the owner of the premises at the commencement of the action, the defendant having title by adverse possession; and we are fully persuaded that there is no force in the plaintiff's contention that the nonresidence of defendant operated to prevent the gaining of such a title. Adverse possession ripens into title by reason of the fact that the plaintiff, or his predecessors, have not been in possession of the property for a period of 20 years; that they have been excluded by the actual occupation of another holding under a claim of title, and the evidence in this case clearly establishes that the premises have at all times been in the possession of the defendant and her predecessors under a claim of title; that the defendant has occupied the premises during the summer months personally, and the most of the time by her tenants or servants during the winter months, and, as the action in ejectment might have been brought against the occupant at any time (Code Civ. Proc. § 1502), the reason which suspends the operation of the statute of limitations during an absence from the state has no application. Actual occupation means occupation against the plaintiff (Strong v. City of Brooklyn, 68 N. Y. 1), and the evidence indicates that there has been practically at all times such an occupation for a period of 26 years at least, and we are of the opinion that the verdict of the jury is the only one consistent with the facts and in harmony with substantial justice.

The judgment and order appealed from should be affirmed, with costs. All concur.